**Patricia M. Lattanzio, Esq.**
**Cabanillas & Associates, P.C.**
**Attorney at Law**
**Attorney for Defendant**
**KAREN BELTRAN**
**120 Bloomingdale Road, Suite 400**
**White Plains, New York 10605**
**Phone: 914-385-0292**
**Fax: 914-615-6515**
**Email: plattanzio@cabanillaslaw.com**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **GUSTAVIA HOME, LLC,,**<br><br>            Plaintiff,<br><br>vs.<br><br>**KAREN BELTRAN and JOHN DOE "1" through "12"**, said persons or parties having or claimed to have a right, title or interest in the mortgaged premises herein, their perspective names are presently unknown to Plaintiff,,<br><br>            Defendant(s). | Index No. CV-16-04309<br><br>ANSWER AND COUNTERCLAIMS<br><br>JUDGE BRICCETTI |

      **PLEASE TAKE NOTICE** that Defendant, **KAREN BELTRAN** (hereinafter, the "Defendant") hereby appears in this proceeding and that the undersigned has been retained as attorney for Defendant and demands that you serve all papers upon the undersigned at the address stated below.

      **PLEASE TAKE FURTHER NOTICE** that Defendant without waiving any defense which may exist and to which he may be entitled, hereby interposes the following answer to the Complaint herein: Defendant denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraphs "1", "2", "3", "4", "5", "6", "7", "8", "9", "10", "11", "13", "14", "15", "16", "19", "26", "27", "28", "29 (a) - (g)", "30", "31" and "32;

Defendants denies the allegations contained in paragraphs marked "12", "17", "18", "20", "21", "22", "23", "24" and "25".

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE
### VENUE IS INCONVENIENT IN THIS JUDICIAL DISTRICT: DEFENDANT REQUESTS THAT THE INSTANT ACTION BE REMANDED TO THE WESTCHESTER COUNTY SUPREME COURT

1. Respectfully, the Defendant avers that the current venue is inconvenient and that the instant matter should be remanded to the Westchester County Supreme Court.

2. Specifically, the Defendant seeks to avail himself of the mandatory Foreclosure Settlement Conference process enacted by the legislature under CPLR §3408.

3. CPLR §3408 conferences are beneficial to both the Plaintiff and the Defendant and it would be in the best interests of both parties to participate in same.

4. Of particular importance to the Defendant is that while the parties are participating in CPLR §3408 conferences, the foreclosure action is stayed. Therefore, the Defendant Homeowner is given some reprieve to work out a settlement in good faith without the additional cost of simultaneously defending a foreclosure action through what could be unnecessary motion practice or discovery.

5. As such, the Defendant requests that the instant matter be remanded to the Westchester County Supreme Court.

6. In the alternative, the Defendant requests that matter be referred to a Mediator or Magistrate Judge of the Southern District of New York to engage in settlement negotiations and that during such conferences the instant action be stayed.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE
### PLAINTIFF LACKS PERSONAL JURISDICTION

7. The Defendant repeats and realleges the responses set forth in ¶ 1 to 6 above as if set forth in their entirety herein.

8. The Plaintiff failed to comply with the notice provision requirements pursuant to CPLR § 308 and with the ancillary notice provisions of the subject mortgage. As such, personal jurisdiction is lacking.

9. Upon information and belief, the Defendant, CARLOS I. COLLAZOS was not properly served with the Summons and Complaint.

10. Thus, there is a failure to establish jurisdiction over and in this matter or at a minimum, the time restriction for responding to the Verified Complaint should not be deemed to have lapsed.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE
### PLAINTIFF LACKS STANDING

11. The Defendant repeats and realleges the responses set forth in ¶ 1 to 10 above as if set forth in their entirety herein.

12. To maintain a foreclosure action under New York State law, the Plaintiff must own both the mortgage and the note.

13. Because Plaintiff has failed to properly and adequately set forth the means and timing by which the Plaintiff allegedly acquired proper corporative possessive rights in and to the mortgage and note, Plaintiff lacks legal capacity and standing to bring this foreclosure action.

14. The Plaintiff does not have standing and/or cannot claim a cause of action because it was not the owner of the mortgage and promissory note when this action was commenced.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE
### PLAINTIFF FAILED TO STATE A CAUSE OF ACTION

15. The Defendant repeats and realleges all of the responses set forth in ¶¶ 1 to 14 as if set forth in their entirety herein.

16. The Plaintiff failed in its Summons and Complaint to adequately plead the nature of the alleged default.

17. Further, the Defendant should be advised of the material facts and evidence in support of Plaintiff's Complaint in order to be apprised of the material facts and be given the opportunity to fairly respond.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE
### DEFECTIVE ACCELERATION

18. The Defendant repeats and realleges all of the responses set forth in ¶¶ 1 to 17 as if set forth in their entirety herein.

19. The Plaintiff failed to properly accelerate the debt pursuant to the mortgage.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE
### NON COMPLIANCE WITH RPAPL § 1303, 1304 AND 1306 NOTICE

20. The Defendant repeats and realleges all of the responses set forth in ¶¶ 1 to 19 as if set forth in their entirety herein.

21. That upon information and belief, the Plaintiff failed to comply with section(s) 1303, 1304 and 1306 of the Real Property Actions and Proceedings Law ("RPAPL"), which requires that the foreclosing party in a mortgage foreclosure action provide notice to the mortgagors in accordance with the provisions of such section with regard to information and assistance about the foreclosure process.

22. Therefore, as Plaintiff has failed to comply with the Notice requirements of RPAPL the action must be dismissed.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE
### VIOLATION OF STATE BANKING LAW

23. The Defendant repeats and realleges the responses set forth in ¶¶ 1 to 22 as if set forth in their entirety herein.

24. Plaintiff's Complaint fails to provide adequate information regarding compliance with RPAPL 1304 and 1306 and the newly imposed NYS Banking Department requirements.

25. Pursuant to the Mortgage Foreclosure Law (Chapter 507 of the laws of 2009) Plaintiff is required under RPAPL § 1304 to send the Defendant a pre-foreclosure notice of at least 90-days prior to commencing foreclosure proceedings.

26. Further, pursuant to RPAPL § 1306 the Plaintiff is required to comply with a three step notice and filing process with the New York State Banking Department.

27. The Plaintiff has failed to adequately plead compliance with this three step process.

28. Therefore, as the Plaintiff is in violation of pertinent State banking laws, this action should be dismissed.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE
### VIOLATION OF FDCPA 15 USC § 1692 AND GBL § 349

29. The Defendant repeats and realleges all of the responses set forth in ¶¶ 1 to 28 as if set forth in their entirety herein.

30. That upon information and belief, the note and mortgage was procured by deceptive and fraudulent practices constituting "predatory lending" as contemplated by State and Federal Law.

31. Specifically, Plaintiff intentionally exercised improper, inadequate or nonexistent due diligence regarding Defendant's ability to reply the amounts due under the note and mortgage. As such, the Plaintiff violated both the Federal Debt Collection Practices Act (FDCPA 15 § 1692) and the Deceptive Practices Act (NY Gen. Bus. 349).

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE
### FAILURE TO MITIGATE ITS DAMAGES

32. The Defendant repeats and realleges all of the responses set forth in ¶¶ 1 to 31 as if set forth in their entirety herein.

33. That upon information and belief, the Plaintiff has failed to mitigate its damages.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE
### DEFENDANT IS NOT IN DEFAULT

34. The Defendant repeats and realleges all of the responses set forth in ¶¶ 1 to 33 as if set forth in their entirety herein.

35. Defendant, contrary to plaintiff's allegations, has made partial or full payments of his/her obligations under the mortgage note, and as such, defendant was not and is not in default of his contractual obligations under the note, and there is no basis for plaintiff to have commenced this action.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE
### FIRST SET-OFF AND FIRST COUNTERCLAIM; OVERCHARGES

36. The Defendant repeats and realleges all of the responses set forth in ¶¶ 1 to 35 as if set forth in their entirety herein.

37. That upon information and belief, the Plaintiff has overstated and thereby overcharged the alleged monthly mortgage and finance charges.

38. The Defendant is entitled to a set-off of all overstated payments at an amount to be determined at trial.

39. The Plaintiff is liable to the Defendant for all damages, costs and expenses, attorney's fees and penalties provided by State statute(s), rule(s) and regulation(s).

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE
### SECOND SET-OFF AND SECOND COUNTERCLAIM; INDUCEMENT

40. The Defendant repeats and realleges all of the responses set forth in ¶¶ 1 to 39 as if set forth in their entirety herein.

41. Upon information and belief, Plaintiff brought this action without legal authority or standing for the purpose of inducing the Defendant to pay money it does not owe to the Plaintiff and/or alleged trust.

42. As a result of the foregoing, the Defendant has been damaged in the amount of One Hundred Thousand Dollars ($100,000.00) together with punitive damages, attorney's fees and costs.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE
### THIRD SET-OFF AND THIRD COUNTERCLAIM;
### FABRICATED DOCUMENTS AND FALSE STATEMENTS

43. The Defendant repeats and realleges all of the responses set forth in ¶¶ 1 to 42 as if set forth in their entirety herein.

44. Upon information and belief, Plaintiff, the trust, and/or other parties that were/are under the control of or acting on behalf of Plaintiff and/or the trust fabricated documents and/or made false statements in documents including but not limited to the dates of execution of said documents for purposes of inducing the Defendant to pay money or surrender his home to the Plaintiff, the trust, or another party under the control of or acting on behalf of the Plaintiff. As a result of the foregoing, the Defendant has been damaged in the amount of One Hundred Thousand Dollars ($100,000.00) together with punitive damages, attorney's fees and costs.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE
### FOURTH SET-OFF AND FOURTH COUNTERCLAIM;
### VIOLATIONS OF FAIR CREDIT REPORTING ACT

45. The Defendant repeats and realleges all of the responses set forth in ¶¶ 1 to 44 as if set forth in their entirety herein.

46. Upon information and belief, Plaintiff and/or its attorneys, agents, servants and/or employee, and/or Plaintiff's alleged predecessor(s) interest and/or their attorneys, agents, servants and/or employees, repeatedly reported false, negative information on Defendant's credit report in violation of the federal Fair Credit Reporting Act causing the Defendant to suffer damages.

47. As a result of the foregoing, Defendant respectfully requests that this Court award the greater of One Hundred Thousand Dollars ($100,000.00) or $1,000.00 for each violation of

the Fair Credit Reporting Act, and/or Defendant's actual damages including damages related to emotional distress and monetary losses, together with punitive damages, attorneys' fees and costs.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE: NONCOMPLIANCE WITH MORTGAGE TERMS – NOTICE OF DEFAULT A CONDITION PRECEDENT

48.  Defendant repeats and realleges all of the responses set forth in ¶¶1 to 47 as if set forth in their entirety herein.

49.  As a contractual condition precedent and in order to maintain this action, Plaintiff, pursuant to the terms of the Mortgage, was required to send/serve a notice of default containing certain and specific language and instructions prior to the commencement of this action.

50.  Upon information and belief, Plaintiff failed to send a proper notice of default prior to commencement of this action.

**[THIS SPACE INTENTIONALLY LEFT BLANK]**

**WHEREFORE**, Defendant demands judgment against the Plaintiff dismissing the complaint herein and for such other, further and additional relief as this Court may seem just and equitable, including punitive damages for the fraudulent deeds of the Plaintiff, together with the costs and disbursements of this action, including but not limited to:

    a.    Award Defendant all statutory and actual damages;

    b.    Award Defendant all compensatory damages;

    c.    Award pre-judgment interest on all accounts;

    d.    Award court costs and reasonable attorney's fees, as provided by the Note and Mortgage and aforementioned state/federal statutes; and

    e.    Enjoin Plaintiff during this action and permanently thereafter from instituting, prosecuting or maintaining foreclosure proceedings on Defendant's property

Dated: White Plains, New York
August 11, 2016

To:  The Margolin & Weinreb Law Group, LLP
     165 Eileen Way, Suite 101
     Syossey, NY  11791

X /s/PATRICIA M. LATTANZIO
Patricia M. Lattanzio, Esq. (PL8185)
Cabanillas & Associates, P.C.
(Rule 130-1.1)
*Attorneys for Defendant*
120 Bloomingdale Road, Suite 400
White Plains, NY 10605
Tel.: (914) 385-0292
Fax:  (914) 615-6515
(Not for Service)

# **V**ERIFICATION

Patricia M. Lattanzio, Esq., being duly admitted to practice before the Courts of the State of New York and being duly sworn, deposes and says: That I am the attorney of record for the Defendant.  That I have read the foregoing **Answer and Counterclaims** and know the contents therein and that the same is/are true to my knowledge except for those matters stated to be alleged upon information and belief and as to those matters, I believe them to be true.  That the basis of my belief as to those matters stated in the foregoing **Answer and Counterclaims** not stated to be upon my knowledge is based upon copies of documents/files and communications provided by my client. That the reason I make this verification instead of the Defendant is because the Defendant was not available at the time of execution of this **Answer and Counterclaims** or filing of said **Answer and Counterclaims.**

Dated: White Plains, New York
       August 11, 2016

                                            X_/s/PATRICIA M. LATTANZIO
                                            Patricia M. Lattanzio, Esq. (PL8185)
                                            Cabanillas & Associates, P.C.
                                            120 Bloomingdale Road, Suite 400 White Plains, NY 10605
                                            Tel: (914) 385-0292
                                            Fax: (914) 615-6515

Civil Action No. CV-16-04309

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUSTAVIA HOME, LLC,,

Plaintiff(s),

vs.

KAREN BELTRAN and JOHN DOE "1"
through "12", said persons or parties having or claimed to have a right, title or interest in the mortgaged premises herein, their perspective names are presently unknown to Plaintiff,

Defendant(s)

ANSWER AND COUNTERCLAIMS

**Cabanillas & Associates, P.C.**
Attorneys for Defendant
120 Bloomingdale Road, Suite 400
White Plains, New York 10605
Tel: (914)-385-0292 Fax: (914)-615-6515