UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GUSTAVIA HOME, LLC,                              Civil Action No.: 16 cv 04309 (VLB)

                Plaintiff,

    -against-

KAREN BELTRAN and JOHN DOE "1"
through "12", said persons or parties having
or claimed to have a right, title or interest in
the mortgaged premises herein, their respective
names are presently unknown to Plaintiff,

                Defendants.
------------------------------------------------------------X

## REPLY TO COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

      Gustavia Home, LLC ("Plaintiff"), by and through its attorneys, The Margolin & Weinreb Law Group, LLP, as and for its Reply to the Counterclaims and Affirmative Defenses contained in the Answer and Counterclaims filed on August 11, 2016 (the "Answer") by Karen Beltran ("Defendant"), sets forth the following:

      1.    Plaintiff denies each and every allegation set forth in paragraphs 1 - 35 of Defendant's Answer.

      2.    As and for Defendant's first counterclaim, Plaintiff denies each and every allegation set forth in paragraphs 36 - 39.

      3.    As and for Defendant's second counterclaim, Plaintiff denies each and every allegation set forth in paragraphs 40 – 42.

      4.    As and for Defendant's third counterclaim, Plaintiff denies each and every allegation set forth in paragraphs 43 – 44.

5.  As and for Defendant's fourth counterclaim, Plaintiff denies each and every allegation set forth in paragraphs 45 – 47.

6.  Plaintiff denies the allegations contained in paragraph 48.

7.  Plaintiff denies the allegations contained in paragraph 49 of the Answer and by way of a further answer states that the document identified by Defendant speaks for itself and Defendant denies any allegations to the contrary.

8.  Plaintiff denies the allegations contained in paragraph 50.

## AS AND FOR PLAINTIFF'S FIRST AFFIRMATIVE DEFENSE

9.  The Counterclaims fail to state a claim or cause of action against Plaintiff and, therefore, should be dismissed as a matter of law.

## AS AND FOR PLAINTIFF'S SECOND AFFIRMATIVE DEFENSE

10. Plaintiff violated no duty nor breached any obligation imposed upon it by law, contract, agreement, statute or otherwise, owed to Defendant.

## AS AND FOR PLAINTIFF'S THIRD AFFIRMATIVE DEFENSE

11. Defendant's claims are barred in whole or part by contract, including but not limited to the defenses afforded to Plaintiff under any contract with Defendant.

## AS AND FOR PLAINTIFF'S FOURTH AFFIRMATIVE DEFENSE

12. Defendant directed, ordered, approved, authorized, and in all other respects ratified the acts and performance of Plaintiff, by reason of which conduct, Defendant is are barred from any relief or recovery of any damages under the doctrine of estoppel.

## AS AND FOR PLAINTIFF'S FIFTH AFFIRMATIVE DEFENSE

13. Plaintiff did not owe a fiduciary duty to Defendant.

### AS AND FOR PLAINTIFF'S SIXTH AFFIRMATIVE DEFENSE

14. To the extent that Defendant has not suffered any damages as a direct proximate cause of Plaintiff's action, Defendant may not recover damages from Plaintiff.

### AS AND FOR PLAINTIFF'S SEVENTH AFFIRMATIVE DEFENSE

15. Plaintiff possesses a defense founded upon documentary evidence.

### AS AND FOR PLAINTIFF'S EIGHTH AFFIRMATIVE DEFENSE

16. Defendant's claims are barred in whole or in part by the parole evidence rule.

### AS AND FOR PLAINTIFF'S NINTH AFFIRMATIVE DEFENSE

17. Defendant's claims are barred in whole or in part by the doctrine of ratification.

### AS AND FOR PLAINTIFF'S TENTH AFFIRMATIVE DEFENSE

18. Defendant has not sustained any compensable damages attributable to Plaintiff.

### AS AND FOR PLAINTIFF'S ELEVENTH AFFIRMATIVE DEFENSE

19. Defendant's claims are barred in whole or in part by the statute of frauds.

### AS AND FOR PLAINTIFF'S TWELFTH AFFIRMATIVE DEFENSE

20. Defendant's counterclaims are barred due to the expiration of the statute of limitations.

### AS AND FOR PLAINTIFF'S THIRTEENTH AFFIRMATIVE DEFENSE

21. Defendant's counterclaims are barred by the doctrine of waiver, laches, and unclean hands.

### AS AND FOR PLAINTIFF'S FOURTEENTH AFFIRMATIVE DEFENSE

22. Plaintiff is not liable for any allegations of fraud committed by its predecessor-in-interest, even assuming arguendo that such allegations are true.

## AS AND FOR PLAINTIFF FIFTHEENTH AFFIRMATIVE DEFENSE

23.     Plaintiff currently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, defenses available.  Accordingly, Plaintiff reserves the right to asset additional defenses.

**WHEREFORE**, Plaintiff requests that Defendant's Answer with alleged defenses and counterclaims be dismissed in its entirety, together with such other and further relief as the Court may deem just and proper.

Dated:  Syosset, New York
        September 1, 2016

                    THE MARGOLIN & WEINREB LAW GROUP, LLP
                    Attorneys for Plaintiff

            By:     /s/ Randy J. Schaefer
                    Randy J. Schaefer, Esq.
                    165 Eileen Way
                    Suite 101
                    Syosset, New York 11791
                    (516) 921-3838
                    randy@nyfclaw.com